KAREN P. HEWITT
United States Attorney
DOUGLAS KEEHN
Assistant U.S. Attorney
California State Bar No. 233686
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6549

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN DIEGO EMILIANO LOYA,<br>aka Hector David Quevado,<br><br>Defendant. | Criminal Case No. 08CR2124-IEG<br><br>Date: September 2, 2008<br>Time: 2:00 p.m.<br><br>GOVERNMENT'S MOTIONS <u>IN LIMINE</u> AND MOTIONS TO:<br><br>(1) EXCLUDE ALL WITNESSES EXCEPT CASE AGENT;<br>(2) PROHIBIT REFERENCE TO WHY DEFENDANT REENTERED;<br>(3) PROHIBIT REFERENCE TO PRIOR RESIDENCY;<br>(4) PROHIBIT REFERENCE TO DOCUMENT DESTRUCTION/POOR RECORD KEEPING BY INS;<br>(5) PROHIBIT REFERENCE TO FINANCES, EDUCATION, HEALTH AND PUNISHMENT;<br>(6) PRECLUDE EVIDENCE OF DURESS AND NECESSITY;<br>(7) ADMIT EXPERT TESTIMONY;<br>(8) PRECLUDE EXPERT TESTIMONY BY DEFENSE;<br>(9) ADMIT A-FILE DOCUMENTS;<br>(10) ADMIT 609 EVIDENCE; AND<br>(11) RENEWED MOTION FOR RECIPROCAL DISCOVERY |

<u>NOTICE OF MOTION</u>

TO: John C. Ellis, Jr., Esquire, Counsel of defendant JUAN DIEGO EMILIANO LOYA

PLEASE TAKE NOTICE that on Tuesday, September 2, 2008, at 2:00 p.m., or as soon as thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its

counsel, Karen P. Hewitt, United States Attorney, and Douglas Keehn, Assistant United States Attorney, will move the Court for an order granting the Government's Motions In Limine and Motions.

MOTION

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Douglas Keehn, Assistant United States Attorney, will hereby move the court for an order granting the Government's above-referenced Motions In Limine and Motions.

DATED: August 15, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ ***Douglas Keehn***
DOUGLAS KEEHN
Assistant U.S. Attorney

KAREN P. HEWITT
United States Attorney
DOUGLAS KEEHN
Assistant U.S. Attorney
California State Bar No. 233686
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6549

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JUAN DIEGO EMILIANO LOYA,<br>aka Hector David Quevedo<br><br>Defendant. | Criminal Case No. 08CR2124-IEG<br><br>Date: September 2, 2008<br>Time: 2:00 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTIONS IN LIMINE AND MOTIONS TO:<br><br>(1) EXCLUDE ALL WITNESSES EXCEPT CASE AGENT;<br>(2) PROHIBIT REFERENCE TO WHY DEFENDANT REENTERED;<br>(3) PROHIBIT REFERENCE TO PRIOR RESIDENCY;<br>(4) PROHIBIT REFERENCE TO DOCUMENT DESTRUCTION/POOR RECORD KEEPING BY INS;<br>(5) PROHIBIT REFERENCE TO FINANCES, EDUCATION, HEALTH AND PUNISHMENT;<br>(6) PRECLUDE EVIDENCE OF DURESS AND NECESSITY;<br>(7) ADMIT EXPERT TESTIMONY;<br>(8) PRECLUDE EXPERT TESTIMONY BY DEFENSE;<br>(9) ADMIT A-FILE DOCUMENTS;<br>(10) ADMIT 609 EVIDENCE; AND<br>(11) RENEWED MOTION FOR RECIPROCAL DISCOVERY |

//

//

# I

## STATEMENT OF FACTS

### A. Procedural History

On June 25, 2008, an Indictment was returned in the Southern District of California charging Defendant Juan Diego Emiliano Loya aka Hector David Quevado, ("Defendant") with being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). On August 4, 2008, the Court arraigned Defendant on the Indictment and Defendant pled "not guilty.".

### B. The Instant Offense

On June 4, 2008, at approximately 7:45 p.m., Border Patrol Agent (BPA) Michael Donnelly was conducting line watch duties in Andrade, California. BPA Donnelly observed a van pass his location, and noted that the driver was intent, looking forward, while the passenger appeared to be speaking to someone in the cargo area. The vehicle was traveling below the posted speed limit, then slowed further as it approached BPA Donnelly. BPA Donnelly followed the vehicle in an attempt to run a registration check. The vehicle then exited at Andrade Road and continued south toward the Andrade Port of Entry and the international border. About one quarter-mile north of the Port of Entry the van pulled over and the driver, later identified as Defendant Juan Diego Emiliano Loya, and the passenger fled the vehicle. BPA Donnelly activated his lights, identified himself as a federal agent and directed suspects back to the van for an immigration check. Both suspects complied. Defendant claimed he was a United States citizen and provided a purported Arizona identification card in the name of "Juan D-E Loya." This identification came back with multiple aliases and social security numbers. One alias, Hector David Quevado, with the same date of birth as stated on Defendant's Arizona identification, had been previously removed. Moreover, the name Juan Emiliano Loya matched a lengthy criminal history including crimes of violence. BPA Donnelly further confirmed Defendant's identification by positively comparing Defendant's tattoos to those associated with these names and aliases.

BPA Donnelly took Defendant to Andrade Port of Entry for fingerprint identification but Defendant refused to comply. BPA Donnelly placed Defendant under arrest and advised him of his rights pursuant to Miranda. BPA Donnelly then transported Defendant to Yuma Station for booking and processing. Defendant forcibly resisted fingerprinting. Several Agents were required to assist in

obtaining Defendant's fingerprints. After the Agents obtained a couple of Defendant's prints Defendant then permitted the remainder of his prints, and his booking photo, to be taken. Law enforcement databases returned a positive match for Defendant's identity, aliases, and criminal and immigration history. After arrest, Defendant invoked his rights pursuant to Miranda and all questioning ceased.

**C. Prior Criminal and Immigration History**

Defendant is a citizen of Mexico. Defendant has been removed from the United States to Mexico on two occasions: (1) on April 25, 2002, pursuant to a 1996 order of an immigration judge following a deportation hearing; and (2) on October 18, 2006, pursuant to a reinstatement of his 1996 order of removal. On or about May 26, 1989, Defendant sustained a felony conviction for Theft in Arizona and was sentenced to four months in custody. On or about June 6, 1992, Defendant sustained a felony conviction for Larceny in Arizona and was sentenced to three years in prison; Defendant was subsequently sentenced to at least one further year of imprisonment for a violation of parole or probation in this matter (exact date and term uncertain). On or about October 13, 1995, Defendant sustained a felony conviction for Aggravated Assault Against an Officer in New Mexico and was sentenced to a further five years in prison. On or about November 9, 1998, Defendant sustained a felony conviction for Assault in New Mexico and was sentenced to three years and nine months in prison. On or about July 22, 2003, Defendant sustained a conviction for Trespass in Texas and was sentenced to 15 days in custody. On or about January 9, 2004, Defendant sustained a conviction for Assault Causing Injury in Texas and was sentenced to 120 days in custody. This year, on or abut May 9, 2008, Defendant sustained a conviction for Shoplifting in Arizona and was sentenced to six months in custody. Given Defendant's successful use of aliases and criminal conduct in multiple jurisdictions it appears that he may have sustained other convictions, as well, of which further documentation is pending.

## II

## ARGUMENT

**A. The Court Should Exclude Witnesses During Trial With The Exception of the United States' Case Agent**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during

trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. As such, the case agent's presence at trial is necessary to the United States. However, the United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

**B. The Court Should Prohibit Reference To Why Defendant Reentered the United States**

Defendant may attempt to offer evidence of the reason for his reentry, or alternatively, his belief that he was entitled to reenter. The Court should preclude him from doing so.

Evidence of why Defendant violated § 1326 is irrelevant to the question of whether he did so -- the only material issue in this case. Rule 401 defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence.

Fed. R. Evid. 401. Rule 402 states that evidence "which is not relevant is not admissible." Fed. R. Evid. 402.

The case of United States v. Komisaruk, 885 F.2d 490 (9th Cir. 1980) is illustrative. There, Komisaruk was convicted of willfully damaging government property by vandalizing an Air Force computer. Id. at 491. On appeal, she argued that the district court erred in granting the government's motions in limine to preclude her from introducing her "political, religious, or moral beliefs" at trial. Id. at 492. In particular, she argued that she was entitled to introduce evidence of her anti-nuclear war views, her belief that the Air Force computer was illegal under international law, and that she was otherwise morally and legally justified in her actions. Id. at 492-93. The district court held that her "personal disagreement with national defense policies could not be used to establish a legal justification for violating federal law nor as a negative defense to the government's proof of the elements of the charged crime," (id. at 492), and the Ninth Circuit affirmed. Similarly here, the reasons why Defendant attempted to reenter the United States and his belief that he was entitled to do so are irrelevant to any fact at issue in this case.

//

//

**C. The Court Should Prohibit Reference To Prior Residency**

If Defendant seeks to introduce evidence of any former residence in the United States, legal or illegal, at trial, the Court should preclude him from doing so. Such evidence is not only prejudicial, but irrelevant and contrary to Congressional intent.

In United States v. Ibarra, the district court granted the United States' motion in limine to preclude Ibarra from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a Section 1326 prosecution. 3 F.3d 1333, 1334 (9th Cir. 1993) overruled on limited and unrelated grounds by United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996). He appealed, and the Ninth Circuit affirmed, reasoning that, because Ibarra had failed to demonstrate how the evidence could possibly affect the issue of his alienage, the district court properly excluded it as irrelevant. Id.

Similarly, in United States v. Serna-Vargas, 917 F. Supp. 711 (C.D. Cal. 1996), the defendant filed a motion in limine to introduce evidence of what she termed "defendant facto" citizenship as an affirmative defense in a Section 1326 prosecution. Id. at 711. Specifically, she sought to introduce evidence of: (1) involuntariness of initial residence; (2) continuous residency since childhood; (3) fluency in the English language; and (4) legal residence of immediate family members. Id. at 712.

The court denied the motion, noting that "none of these elements are relevant to the elements that are required for conviction under Section 1326." Id. at 712. The court also noted that admission of the evidence would run "contrary to the intent of Congress." Id. In particular, it noted that, under Section 212 of the Immigration and Naturalization Act of 1952 (codified at 8 U.S.C. § 1182(c)), the Attorney General may exercise his discretion not to deport an otherwise deportable alien, if the alien has lived in the United States for 7 years. Id. at 712-13. The factors which the defendant relied upon to establish her "defendant facto" citizenship are "among the factors the Attorney General considers in deciding whether to exercise this discretion." Id. at 713.

Thus, the court reasoned, "the factors that [the defendant] now seeks to present to the jury are ones that she could have presented to the jury are ones that she could have presented the first time she was deported." Id. Therefore, it held, "[a]llowing her to present the defense now would run contrary to Congress' intent." Id. In particular, "under the scheme envisioned by Congress, an alien facing

deportation may present evidence of positive equities only to administrative and Article III judges, and not to juries." Id (emphasis added).

**D. The Court Should Prohibit Reference to Poor Record Keeping or Document Destruction**

The United States seeks to exclude the Defendant from making reference or eliciting testimony regarding (former) Immigration and Naturalization Services' ("INS"), now Department of Homeland Security's record keeping or access to information and records. Specifically, the United States seeks to preclude reference to argument that: (1) INS computers are not fully interactive with other federal agencies' computers; (2) over 2 million documents filed by immigrants have been lost or forgotten; (3) other federal agencies have the ability and authority to apply for an immigrant to come into the United States; and (4) the custodian of the A-File never checked with other federal agencies to inquire about documents relating to the Defendant. Such argument is irrelevant based upon the facts of this case as there has been no proffer or mention by the Defendant that he ever made application to seek reentry after deportation. See United States v. Rodriguez-Rodriguez, 364 F.3d 1142, 1147 (9th Cir. 2004) (affirming District Court Judge Lorenz' rulings to deny such testimony in a § 1326 case).

The Ninth Circuit recently held in Rodriguez-Rodriguez that any such testimony or cross examination seeking to elicit such testimony is properly barred as irrelevant. Id. The Ninth Circuit explicitly rejected defense counsel's claim that the District Court's exclusion of the anticipated testimony violates the Confrontation Clause. Id. Instead, it declared that "[n]one of the information is relevant on the facts of this case, because it is uncontested that Rodriguez never made any application to the INS or any other federal agency." Id. Thus, absent at a minimum a proffer that the Defendant had in fact applied for or obtained permission to enter or remain in the United States in this instant case, any such line of inquiry on cross examination or on direct testimony is irrelevant and properly excludable.

Additionally, the United States seeks to preclude reference to shredding of immigration documents by a (former) INS contractor as set forth in United States v. Randall, et al., Criminal Case No. SA CR 03-26-AHS (C.D. Cal. 2003) **unless** the Defendant testifies or offers evidence that: (1) he did in fact apply for permission to reenter the United States from the Attorney General, or his designated

successor, the Secretary of the Department of Homeland Security ;and (2) that such a document would have been stored at that particular facility where the shredding occurred in the Randall case.

Any reference of document destruction is irrelevant and unfairly prejudicial unless there is some evidence offered by the Defendant at trial that he did in fact seek permission to reenter the United States. See Fed. R. Evid. 401-403. Moreover, even if the Defendant offers evidence that he did apply, there must be some showing that his application would have been stored at the facility which is the subject of the Randall case during the time of the alleged shredding of the documents, namely from February to April 2002. Otherwise, it is immaterial and irrelevant whether a contractor of (former) INS destroyed documents at the INS California Service Center in Laguna Niguel, California, because the Defendant did not apply, or if he did apply, his application was not stored there, and therefore, could not have been effected.

Such testimony as well as any such statements asserted in Defendant's opening statement or closing argument would be unfairly prejudicial to the United States and likely to cause confusion to the jury because such unsupported blanket allegations or references of document destruction or poor record keeping without any showing by the Defendant that he applied for permission to reenter would be misleading. Accordingly, the United States seeks an order precluding such argument.

**E. The Court Should Prohibit Reference To Defendant's Health, Finances, Education and Potential Punishment**

Evidence of, and thus argument referring to, Defendant's health, finances, education and potential punishment is inadmissible and improper. This includes reference to the current offense as a felony.

Federal Rule of Evidence 402 provides that "Evidence which is not relevant is not admissible." Rule 403 provides further that even relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." The Ninth Circuit Model Jury Instructions explicitly instruct jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." § 3.1 (2003 Edition).[1/]

---

[1/] Additionally, it is inappropriate for a jury to be informed of the consequences of their (continued...)

Reference to Defendant's health, finances, education and potential punishment may be relevant at sentencing. However, in an attempted reentry trial, such reference is not only irrelevant and unfairly prejudicial, but a blatant play for sympathy and jury nullification as well.

**F. The Court Should Preclude Evidence of Duress and Necessity**

Courts have specifically approved the pretrial exclusion of evidence relating to a legally insufficient duress defense on numerous occasions. See United States v. Bailey, 444 U.S. 394 (1980) (addressing duress); United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996), cert. denied, 522 U.S. 826 (1997) (addressing duress). Similarly, a district court may preclude a necessity defense where"the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992).

In order to rely on a defense of duress, Defendant must establish a prima facie case that:

(1) Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2) Defendant had a well-grounded fear that the threat would be carried out; and

(3) There was no reasonable opportunity to escape the threatened harm.

United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d at 997. If Defendant fails to make a threshold showing as to each and every element of the defense, defense counsel should not burden the jury with comments relating to such a defense. See, e.g., Bailey, 444 U.S. at 416.

A defendant must establish the existence of four elements to be entitled to a necessity defense:

(1) that he was faced with a choice of evils and chose the lesser evil;

(2) that he acted to prevent imminent harm;

(3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

(4) that there were no other legal alternatives to violating the law.

//

---

[1/](...continued)
verdict. United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991).

See Schoon, 971 F.2d at 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985). A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." See Schoon, 971 F.2d at 195.

The United States hereby moves for an evidentiary ruling precluding defense counsel from making any comments during the opening statement or the case-in-chief that relate to any purported defense of "duress" or "coercion" or "necessity" unless Defendant makes a prima facie showing satisfying each and every element of the defense. The United States respectfully requests that the Court rule on this issue prior to opening statements to avoid the prejudice, confusion, and invitation for jury nullification that would result from such comments.

**G. The Court Should Admit Expert Testimony**

At trial, the United States intends to offer testimony of a fingerprint expert to identify the Defendant as the person who was previously deported. Such expert testimony should be admitted to assist the jury in understanding that this Defendant is an alien who was found in the United States after having been deported. On August 12, 2008, pursuant to Federal Rule of Evidence 16(a)(1)(G), the United States provided written notice to Defendant.

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge. United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704.

**H. The Court Should Preclude Any Expert Testimony By Defense Witnesses**

The United States has made a request from the Defendant for reciprocal discovery. It is permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof,

within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial. Moreover, Defendant must disclose written summaries of testimony that Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial. The summaries are to describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. While defense counsel may wish to call an expert to testify, Defendant has provided neither notice of any expert witness, nor any reports by expert witnesses. Accordingly, Defendant should not be permitted to introduce any expert testimony.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualifications and relevance of the expert's testimony pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); see also United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

## I. The Court Should Admit A-File Documents

The United States intends to offer documents from the "A-File" maintained by the Department of Homeland Security and its predecessors that corresponds to Defendant's name in order to establish Defendant's alienage, prior deportations, and that he was subsequently found in the United States without having sought or obtained authorization from the Attorney General or his designated successor, the Secretary of the Department of Homeland Security. The documents are self-authenticating "public records," or, alternatively, "business records." See Fed. R. Evid. 803(8)(B) and 803(6). The Certificate of Nonexistence proves the absence of a public record and is therefore not excluded by the hearsay rule. See FRE 803(10); United States v. Mateo-Mendez, 215 F.3d 1039, 1042-43 (9th Cir. 2000). A Certificate of Non-Existence of Records is also admissible under Federal Rule of Evidence 803(10) and 902(4), which together expressly provide for the admissibility of such a document, without the

testimony of Ruth Jones. See FRE 803(10) ("evidence in the form of a certification in accordance with rule 902, or testimony" is sufficient) (emphasis added).

The Ninth Circuit has addressed the admissibility of A-File documents in United States v. Loyola Dominguez, 125 F.3d 1315 (9th Cir. 1997). There, Loyola Dominguez appealed his § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from the illegal immigrant's "A File." Id. at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation. Loyola Dominguez argued that admission of the documents violated the rule against hearsay, and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. Id. at 1318. The court noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." Id. (quoting United States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such documents are self-authenticating and, therefore, do not require an independent foundation. Id.

Loyola Dominguez is simply among the more recent restatements of the public-records and business-records rules. Courts in this Circuit have consistently held that documents from a defendant's immigration file are admissible in a § 1326 prosecution to establish the defendant's alienage and prior deportation. See United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court properly admitted certificate of nonexistence); United States v. Contreras, 63 F.3d 852, 857-58 (9th Cir. 1995) (district court properly admitted warrant of deportation, deportation order and deportation hearing transcript); United States v. Hernandez-Rojas, 617 F.2d 533, 535 (district court properly admitted warrant of deportation as public record); United States v. Dekermenjian, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (district court properly admitted "certain records and memoranda of the Immigration and Naturalization Service" as business records, noting that records would also be admissible as public records); United States v. Mendoza-Torres, 285 F. Supp. 629, 631 (D. Ariz. 1968) (admitting warrant of deportation).

At trial, although not expected to give expert opinions based upon specialized knowledge, a Senior Border Patrol Agent will be called to testify regarding documents contained in Defendant's A-File. See Fed. R. Evid. 701 (such testimony is "helpful to a clear understanding of the determination of a fact in issue"); United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995) (in a drug case, court found that "[t]hese observations are common enough and require such a limited amount of expertise, if any, that they can, indeed, be deemed lay witness opinion"); United States v. Loyola Dominguez, 125 F.3d 1315, 1317 (9th Cir. 1997) (agent "served as the conduit through which the government introduced documents from INS' Alien Registry File".) He or she will testify regarding the purpose of the A-File, what documents are contained within the A-File and what those documents mean. Although not required, Defendant was provided notice of the United States' intent to have such a witness at trial.

### J. The Court Should Admit Rule 609 Evidence

Federal Rule of Evidence 609(a) provides in pertinent part:

> For purposes of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Fed. R. Evid. 609(a) (emphasis added).

The Ninth Circuit has listed five factors that the district court should balance in making the determination required by Rule 609. United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987). Specifically, the court must consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. Id. at 762-63. See also United States v. Hursh, 217 F.3d 761 (9th Cir. 2000).

Here, Defendant has been convicted of assault in November of 1998, among other offenses. Based on this conviction, at least four out of the five Browne factors weigh heavily in favor of admissibility. First, the impeachment value of Defendant's felony conviction is high. Defendant's

felony convictions cast doubt on Defendant's honesty, and therefore has significant impeachment value. Second, the importance of Defendant's testimony is crucial in a case such as this, where Defendant would presumably be called to testify only if he intended to claim that he had received the permission of the United States Attorney General or Secretary of the Department of Homeland Security to reenter the country. Third, because such defenses could only plausibly be developed through the Defendant's own testimony, his credibility in asserting such alleged facts would be central to the case. Finally, the Browne factors regarding subsequent criminal history, also tend to lean towards admissibility, and the probative value of admitting Defendant's prior felony convictions for purposes of impeachment remains high relative to whatever unfair prejudicial effect it might have. Furthermore, whatever risk of unfair prejudice exists can be adequately addressed by means of an appropriate jury instruction.

Accordingly, the Government should be allowed to introduce evidence of Defendant's prior felony convictions under Rule 609 if he elects to testify at trial.

**K. Renewed Request for Reciprocal Discovery**

The United States renews its request for reciprocal discovery. The United States renews its request that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of all witnesses, except for those of Defendant. Defendant has not provided the United States with any documents or statements. Accordingly, the United States intends to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the United States.

//

//

//

//

//

//

//

//

//

## III

## CONCLUSION

For the above stated reasons, the United States respectfully requests that its motions in limine be granted.

DATED: August 15, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ ***Douglas Keehn***
DOUGLAS KEEHN
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Criminal Case No. 08CR2124-IEG |
| v. | ) | |
| JUAN DIEGO EMILIANO LOYA, Defendant. | ) | CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, DOUGLAS KEEHN, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTIONS IN LIMINE AND MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. John C. Ellis, Jr., Esq.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 15, 2008.

/s/ ***Douglas Keehn***
DOUGLAS KEEHN
Assistant U.S. Attorney