**JOHN C. ELLIS, JR.**
California State Bar No. 228083
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: john_ellis@fd.org

Attorneys for Juan Diego Emiliano Loya

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**JUAN DIEGO EMILIANO LOYA,**<br><br>Defendant. | ) | Case No. 08CR2124-IEG<br><br>DATE: September 3, 2008<br>TIME: 9:00 a.m.<br><br>DEFENDANT'S PROPOSED JURY INSTRUCTIONS |

TO: KAREN P. HEWITT, INTERIM UNITED STATES ATTORNEY; AND DOUGLAS KEEHN, ASSISTANT UNITED STATES ATTORNEY:

Juan Diego Emiliano Loya, by and through his counsel, John C. Ellis, Jr., and Federal Defenders of San Diego, Inc., and pursuant to Fed. R. Crim. P. 30, requests that the Court instruct the jury on the law as set forth herein.

Mr. Loya also requests leave to offer further jury instructions as may become relevant during the course of the trial.

Respectfully submitted,

Dated: September 2, 2008

/s/ *John C. Ellis, Jr.*
**JOHN C. ELLIS, JR.**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Loya

Defendant's Proposed Standard Instructions

(Ninth Circuit Model Criminal Jury Instructions, Sept. 2003):

| Instruction Number | Title |
| --- | --- |
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.2 | Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof |
| 3.3 or 3.4 (as appropriate) | Defendant's Decision Not to Testify/to Testify |
| 3.6 | What Is Evidence |
| 3.7 | What is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |
| 3.11 | Activities Not Charged |
| 4.1 | Statements By Defendant |
| 4.6 (as appropriate) | Impeachment, Prior Conviction of Defendant |
| 4.17 | Opinion Evidence, Expert Witness |
| 7.1 | Duty to Deliberate |
| 7.2 | Consideration of Evidence |

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _1___

I instruct you that you must presume Mr. Loya to be innocent of the offense charged. Thus, Mr. Loya, although accused of an offense in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment is not evidence of any kind. Mr. Loya is not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Mr. Loya. The presumption of innocence alone is sufficient to acquit Mr. Loya.

The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Loya for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Loya is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. You may consider the evidence or the lack of evidence in determining whether there is a reasonable doubt.

//
//
//
//
//
//
//
//
//

Unless the government proves, beyond a reasonable doubt, that Mr. Loya committed each and every element of the offense charged in the indictment, you must find Mr. Loya not guilty of the offense. If you view the evidence as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must, of course, adopt the conclusion of innocence.

Authority

Devitt and Blackmar, 4th Ed., § 12.10 (modified, with one paragraph borrowed from Devitt and Blackmar, 3d Ed., § 11.14)

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _2___

Mr. Loya is charged in the indictment with being an alien found in United States after a deportation, in violation of Section 1326 of Title 8 of the United States Code, on or about June 4, 2008, within the Southern District of California. In order for Mr. Loya to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Loya is an alien;

Second, Mr. Loya was found in the Southern District of California on or about the date alleged in the indictment;

Third, Mr. Loya was ordered deported and was physically removed from the United States prior to the date he was found;

Fourth, after being physically removed from the United States, Mr. Loya knowingly and voluntarily entered and remained in the United States;

Fifth, Mr. Loya knew he was in the United States when he was found;

Sixth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States.

A person who was born in the United States is not an alien.

//

//

//

//

//

//

//

//

Authority

9th Cir. Model Instructions 9.5 (2003) (modified); 8 U.S.C. § 1326(a) (conviction precluded where Attorney General expressly consents to alien's reapplication for admission, or alien does not need "advance consent"); 8 U.S.C. § 1101(a)(3) (defining alien); United States v. Salazar-Gonzalez, 445 F.3d 1208, 1212 (9th Cir. 2006) (holding that for a defendant to be convicted of a § 1326 "found in" offense, the government must prove beyond a reasonable doubt that he entered voluntarily and had knowledge that he was committing the underlying act that made his conduct illegal–entering or remaining in the United States); United States v. Quintana-Garcia, 235 F.3d 1197, 1200 (9th Cir. 2000) (requiring voluntary entry); United States v. Pacheco-Medina, 212 F.3d 1162 (9th Cir. 2000) (requiring physical presence in the United States); United States v. Idowu, 105 F.3d 728 (D.C. Cir. 1997); United States v. Anton, 683 F.2d 1011 (7th Cir. 1982) (defendant charged with "found in" § 1326 is not guilty if he reasonably believed that he had the consent of the Attorney General to enter the United States) (7th Cir. 1982); but see United States v. Leon, 35 F.3d 1428 (9th Cir. 1994) (rejecting the Seventh Circuit's construction of § 1326 set forth in Anton, thereby creating a Circuit split).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 3

There has been testimony and evidence regarding immigration proceedings.

The standard of proof in an immigration proceeding is lower than the standard of proof in a criminal case. In a criminal case, the government must prove all the elements of the charged offense beyond a reasonable doubt. The burden never shifts to Mr. Loya to prove that he is *not* an alien. That is always the government's duty. Thus, the government must have independent proof, beyond the result of an immigration proceeding, that Mr. Loya is an alien. An immigration judge's finding of alienage is not proof of alienage in this proceeding. It is for you to decide whether the government has proved beyond a reasonable doubt that Mr. Loya is an alien.

Authority

United States v. Meza-Soria, 935 F.2d 166, 170 (9th Cir. 1991); see also United States v. Ortiz-Lopez, 24 F.3d 53, 55-56 (9th Cir. 1994); Ramon-Sepulveda v. INS, 743 F.2d 1307, 1308 n.2 (9th Cir. 1984) (standard of proof in a deportation hearing is clear and convincing evidence).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _4___

Because a particular witness may be a law enforcement officer, such as a Border Patrol Agent, or an employee of a governmental agency, that does not mean that his or her testimony is truthful.

It is quite legitimate for counsel to attack or question the truthfulness of an agent or other government employee on the ground that his or her testimony may be tainted by personal or professional interest in the outcome of this case.

Authority

United States v. Masino, 275 F.2d 129 (2d Cir. 1960).

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08cr2124-IEG |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JUAN DIEGO EMILIANO LOYA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Counsel for Defendant certifies that the foregoing pleading, is true and accurate to the best of his information and belief, and that a copy of the foregoing Defendant's Proposed Jury Instructions has been electronically served this day upon:

Douglas Keehn, Assistant United States Attorney
880 Front Street
San Diego, CA 92101

Dated: September 2, 2008

*/s/ John C. Ellis, Jr.*

JOHN C. ELLIS, JR.
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
E-mail: john_ellis@fd.org